2023 UT App 79

## THE UTAH COURT OF APPEALS

RANDI MARIANI,
Appellant,
*v.*
DEPARTMENT OF PUBLIC SAFETY – DRIVER LICENSE DIVISION,
Appellee.

Opinion
No. 20220046-CA
Filed July 20, 2023

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 200902808

Caleb Bertch, Daniel F. Bertch, and Cassandra Dawn,
Attorneys for Appellant

Sean D. Reyes and J. Clifford Petersen,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES GREGORY K. ORME and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1   In August 2019, Randi Mariani was injured during the required testing for a motorcycle endorsement to her driver license. During the "quick stop" controlled deceleration portion of the skills test, which was located over a patch of asphalt tar, Mariani braked and immediately lost control of her motor scooter after hitting the tar patch. Mariani suffered serious injury as a result of the crash and sued the Utah Department of Public Safety-Driver License Division (DLD) for negligently causing her injuries. The district court granted summary judgment in favor of the DLD, concluding that the DLD was immune from suit under

Utah's governmental immunity statutes. Mariani appeals the court's summary judgment order, and we affirm.

BACKGROUND

¶2     In 2019, Mariani received a motor scooter from her husband as a birthday present. But in order to legally drive her new scooter, Mariani needed to obtain a motorcycle endorsement to her driver license, and to obtain the endorsement, she had to pass both a written exam and a motorcycle skills test. Mariani passed the written exam and began practicing for the skills test. She eventually took that skills test at the Heber City, Utah, DLD facility on the afternoon of August 19, 2019, which Mariani recalled being a very hot day—in excess of ninety degrees Fahrenheit. During the test, Mariani attempted two "quick stop" procedures under the supervision of a DLD employee. During her second attempt, Mariani alleges that the front tire of her scooter slipped due to the presence of warm asphalt tar at the end of the quick stop boundary, leading to her injury. Because Mariani failed the skills portion of the test, the DLD denied her application for a motorcycle endorsement.

¶3     Mariani then sued the DLD for negligently causing injury to her. The DLD filed a motion for summary judgment, arguing that the suit should be dismissed because the DLD was immune from liability for Mariani's injuries under the so-called "licensing exception" contained in Utah's governmental immunity statutes. *See* Utah Code § 63G-7-201(4)(c). In its ruling on the motion, the district court found that the DLD satisfied the statutory requirements for immunity—that Mariani's injury arose out of or in connection with, or resulted from the administration of the motorcycle endorsement licensing test—and subsequently dismissed Mariani's lawsuit.

ISSUE AND STANDARD OF REVIEW

¶4    On appeal, Mariani contends that the district court erred in granting summary judgment and dismissing Mariani's suit based on its determination that the DLD was entitled to governmental immunity.[1] We review summary judgment decisions de novo. *See Salo v. Tyler*, 2018 UT 7, ¶ 19, 417 P.3d 581. We accord the district court's legal conclusions no deference and review those conclusions—including statutory interpretation—for correctness. *See, e.g.*, *Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 15, 390 P.3d 314.

ANALYSIS

¶5    The issue on appeal is whether the district court erred in granting the DLD summary judgment under the Governmental Immunity Act of Utah (the Act). The Act states that "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function." Utah Code § 63G-7-201(1).[2] However, the Act both waives sovereign immunity in particular circumstances and carves out express exceptions to certain of those waivers. The specific immunity waiver that is applicable to

---

1. In moving for summary judgment, the DLD also argued for dismissal of the suit based on a pre-injury release Mariani signed agreeing to hold the DLD harmless for damage or injury that might occur during her motorcycle skills test. The district court did not rule on the pre-injury release issue, and we do not reach this issue as we affirm the court's ruling on the immunity issue.

2. Several amendments were made to the Act between Mariani's injury in August 2019 and the issuance of this opinion. None of these changes modified the applicable subsections (i.e., Utah Code subsections 63G-7-201(1), and 63G-7-201(4)(c)), so we cite the current statute for convenience.

this case provides that immunity is waived for any injury proximately caused by a negligent act of a governmental employee. *Id*. § 63G-7-301(2)(i). And the relevant exception is the "licensing exception," restoring immunity—even in cases involving governmental negligence—where the injury arises out of or in connection with, or results from, the denial of any license. *Id*. § 63G-7-201(4)(c).

¶6     In cases where a governmental entity asserts that it is immune from suit under the Act, we apply a three-part test. *Winkler v. Lemieux*, 2014 UT App 141, ¶ 5, 329 P.3d 849; *Thayer v. Washington County School Dist.*, 2012 UT 31, ¶ 8, 285 P.3d 1142. "The test assesses (1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver." *Winkler*, 2014 UT App 141, ¶ 5 (quotation simplified); *Thayer*, 2012 UT 31, ¶ 8; *see* Utah Code § 63G-7-101(3)–(4).

¶7     In this case, the parties (at least for purposes of the DLD's summary judgment motion) agree that the first two inquiries are not at issue; that is, they agree that the injury resulted from a governmental function and that the injury was proximately caused by governmental negligence. Therefore, this appeal turns on the third question: whether there is an exception to the waiver of immunity. Nonetheless, we walk through the governmental function and negligent activity factors as background to show that the first two parts of the three-part immunity test have been satisfied.

### I. The Motorcycle Skills Test was a Governmental Function and Thus Qualified for Immunity Under the Act

¶8     The DLD is a governmental entity. Utah Code § 63G-7-102(4). As a governmental entity, the DLD oversees issuance of motorcycle licenses as one of its governmental functions; the DLD is statutorily mandated to examine every license applicant. *Id.*

§ 63G-7-102(5)(a)–(b); *id.* § 53-3-204(2)(d). The DLD requires motorcycle license applicants to pass both a written test and a motorcycle skills test. Utah Dep't Motor Safety, *Add Motorcycle Endorsement: Requirements for adding a motorcycle endorsement to your Utah driver license*, https://dld.utah.gov/add-motorcycle-endorsement/ [https://perma.cc/C3WT-99KM]; Utah Code § 53-3-202(4)(a)(i).

¶9     Mariani concedes that the placement of the motorcycle quick stop exercise on the test course in Heber was a governmental function. *See* Utah Code § 63G-7-102(5).

## II. A Negligent Act During the Activity Led to Mariani's Injury, Thus Immunity Was Waived

¶10     Under the Act, immunity is expressly waived, subject to subsections 63G-7-101(4) and 63G-7-201(4), "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." Utah Code § 63G-7-301(2)(i). For purposes of consideration of its summary judgment motion, the DLD does not dispute that there may have been negligence on the part of the DLD in placing the quick stop exercise on or near a tar patch on a hot day.

¶11     Governmental immunity for the quick stop exercise is therefore waived, unless an exception applies, because the facts that are undisputed for purposes of this appeal reveal that the DLD's apparently negligent choice of location for the quick stop exercise caused Mariani's accident. *See id.* §§ 63G-7-101(4), 63G-7-201(4).

## III. Mariani's Injury Was Sufficiently Causally Related to Issuance of a License, Thus Immunity Is Retained

¶12     On appeal, Mariani asserts that the district court erred in ruling that the licensing exception applies to the waiver of governmental immunity because, she claims, her injuries were

proximately caused by the placement of the quick stop and not caused by the denial of her motorcycle endorsement. Mariani relies on the causation analysis set forth in *Barneck v. Utah Department of Transportation*, 2015 UT 50, 353 P.3d 140, *abrogated by* Utah Code § 63G-7-102. For the reasons set forth below, we conclude this argument unpersuasive.

A.     *Barneck* Proximate Cause Test (Abrogated)

¶13     In *Barneck,* our supreme court held that there was a genuine issue of material fact as to whether the Utah Department of Transportation (UDOT) proximately caused injuries to drivers and passengers who drove into an unmarked roadway chasm created by UDOT's negligent maintenance of a road and a clogged culvert. *See id.* ¶¶ 1–2. The court's reasoning centered around its choice to "deem the reference to 'arises out of' as synonymous with 'proximately caused,'" *id.* ¶ 40, with the court holding "that an immunity-invoking condition . . . must be a *proximate cause* of the plaintiff's injuries in order to sustain the reinstatement of immunity," *id.* ¶ 38. In so doing, the court stepped back from previous decisions that held that "a *but-for* causal connection is sufficient to trigger a statutory reinstatement of immunity under an exception provision of the Act." *Id.* ¶ 39 (emphasis added).

¶14     Following the court's decision in *Barneck*, the Utah Legislature lightened the causation standard adopted by the court by amending the Act in 2017; these amendments had the effect of expanding immunity under the Act. Our legislature accomplished this chiefly by adding a statutory definition of the phrase "arises out of or in connection with, or results from." *See* Utah Code § 63G-7-102(1). In *Barneck*, our supreme court interpreted "arises out of" as equivalent to proximate cause, but under the new statute, as discussed below, "arising out of" causation exists wherever "the causal relationship is sufficient to conclude that the injury originates with, flows from, or is incident to the conduct or condition." *Id.* § 63G-7-102(1)(c).

B.      The Current Statutory Test

¶15     Specifically, in the amended version of the Act, the legislature defined "arises out of or in connection with, or results from" to mean that "there is some causal relationship between the conduct or condition and the injury;" "the causal relationship is *more than any causal connection but less than proximate cause*;" and "the causal relationship is *sufficient* to conclude that the injury *originates with, flows from, or is incident to* the conduct or condition." *Id.* § 63G-7-102(1) (emphasis added).

¶16     This relaxed causation test, when applied to the relevant provisions of the Act, operates to expand the scope of governmental immunity. Under the current statute, even an "injury proximately caused by a negligent act or omission of" a government employee—injuries for which immunity is presumptively waived, *see id.* § 63G-7-301(2)(i)—is nevertheless covered by governmental immunity in all cases in which that injury "arises out of or in connection with, or results from . . . the issuance [or] denial . . . of . . . any permit [or] license," *see id.* § 63G-7-201(4)(c). And now, "arises out of or in connection with, or results from" no longer requires a proximate causal connection; immunity exists if "the causal relationship is sufficient to conclude that the injury originates with, flows from, or is incident to the conduct or condition." *Id.* § 63G-7-102(1)(c). As applied to this case, these provisions mean that the DLD is immune from Mariani's lawsuit if Mariani's injury was at least "incident to" the DLD's denial of her request for a motorcycle endorsement.

¶17     Under the circumstances presented here, Mariani's injuries were indeed at least "incident to" the DLD's denial of her request. Mariani's injury occurred during the very act of her taking a skills test to obtain her motorcycle endorsement, and in so doing she affirmatively availed herself of the DLD's licensing authority and actively attempted to demonstrate her qualifications for the DLD's authorization to operate a motorcycle on Utah roads.

Indeed, among the reasons the DLD denied Mariani's request for a motorcycle endorsement was her failure to execute the quick stop maneuver during the skills test. It would be unreasonable to suggest that Mariani's injury—which occurred as a result of her crashing her scooter during the quick stop—did not originate from, flow from, or was not at least incident to the licensing approval process to obtain a motorcycle endorsement.

¶18 Accordingly, the district court correctly concluded that the DLD is immune from Mariani's suit because the licensing exception to the waiver of governmental immunity applies whether or not the DLD was negligent.

## CONCLUSION

¶19 The district court did not err in concluding that the DLD was immune from Mariani's lawsuit under the licensing exception. We therefore affirm the court's order dismissing Mariani's suit.

———————